UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

KAREN BENNETT,
a citizen and resident of California,

      Plaintiff,

v.

CARNIVAL CORPORATION, a
Panamanian Corporation d/b/a Carnival
Cruise Lines,

      Defendant.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, KAREN BENNETT, a citizen and resident of California, sues Defendant, CARNIVAL CORPORATION, a Panamanian corporation d/b/a Carnival Cruise Lines, with its principal place of business in Florida, and alleges:

## JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff, KAREN BENNETT (hereinafter "Plaintiff" or "Ms. BENNETT"), is sui juris and is a resident and citizen of the State of California.

3. Defendant CARNIVAL CORPORATION (CARNIVAL) is a Panamanian Corporation with its principal place of business in Miami-Dade County, Florida. For federal jurisdictional purposes, it is a citizen of Florida.

4. Subject matter jurisdiction exists based on diversity jurisdiction pursuant to 28 U.S.C. §1332, since Plaintiff is a resident and citizen of the State of California, and Defendant is a

citizen of both Panama and Florida for purposes of jurisdiction. The amount of damages claimed exceeds $75,000, the threshold amount for jurisdiction under 28 U.S.C. §1332. The injuries and damages alleged in Paragraph 19 below support an award of damages in excess of $75,000.

5.   At all material times, CARNIVAL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that *in personam* jurisdiction over CARNIVAL exists in the United States District Court for the Southern District of Florida.

6.   At all material times, CARNIVAL has engaged in the business of operating maritime cruise vessels for paying passengers, including Ms. BENNETT.

7.   In the operative ticket contract, CARNIVAL requires fare-paying passengers such as Ms. BENNETT to bring any lawsuit against it arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

8.   Venue is also proper in this district because the Defendant's principal place of business is located within this district.

9.   Ms. BENNETT has complied with all conditions precedent to bringing this action. Ms. BENNETT reported the accident to the ship's medical crew shortly after it occurred, and an incident report and written medical records were prepared onboard the ship. Furthermore, Ms. BENNETT gave the Defendant timely written notice of her claim as required by the ticket contract.

### LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS

10. At all material times, CARNIVAL was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the M/S FREEDOM ("FREEDOM").

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

11. At all material times, CARNIVAL operated, managed, maintained and was in exclusive control of the "FREEDOM."

12. At all material times, including the accident date of July 17, 2024, Ms. BENNETT was a fare-paying passenger aboard the FREEDOM and in that capacity was lawfully present aboard the vessel.

13. At all material times, CARNIVAL owed Ms. BENNETT, as a fare-paying passenger lawfully aboard its cruise vessel, a duty of reasonable care for her safety.

14. On or about July 17, 2024, there existed a hazardous or dangerous condition in the interior corridor on Deck 7, specifically a ceiling panel that had became loose, unsecured, or otherwise defectively and insecurely attached, so that it suddenly fell, striking Ms. BENNETT on the head, neck, and right shoulder.

15. At the time and place referred to in the preceding paragraph, Ms. BENNETT was lawfully walking through the Deck 7 corridor when the ceiling panel fell without warning or notice to her and struck her in the head, neck and right shoulder.

16. The dangerous condition described in Paragraph 14 was not open and obvious to Ms. BENNETT or to any reasonably careful passenger walking through the Deck 7 corridor. The hazardous ceiling panel was located overhead and appeared secure to a reasonable lay observer not familiar with its installation or maintenance, and there were no warning signs, barricades, or other measures to alert passengers to the presence in the material area of inadequately secured ceiling tiles or the risk of those tiles falling.

17. At all material times prior to July 17, 2024, CARNIVAL had actual and/or constructive notice of the dangerous condition described above because falling or unsecured ceiling panels and tiles are a repetitive and recurring issue on CARNIVAL cruise ships fleetwide. Specifically, CARNIVAL was aware of prior passenger injury incidents caused by falling inadequately

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

secured ceiling panels or tiles in interior corridors, staterooms, and other common areas on multiple vessels in its fleet, including, but not limited to, the following instances:

a.  *Dwana Seals Lewis v. Carnival Corp.*, Case No. 1:24-cv-23651 (S.D. Fla. 2024) – passenger injured when a ceiling tile fell on her head on Deck 5 of the CARNIVAL VALOR;

b.  *Kreuger v. Carnival Corp.,* Case No. 20-cv-20138-JLK (S.D. Fla. 2020) – passenger injured due to falling ceiling tiles onboard the CARNIVAL VALOR;

c.  *Howard Hughes v. Carnival Corp.,* Case No. 20-cv-24540-BB (S.D. Fla. 2020) – passenger injured when a ceiling tile fell on Deck 4 of the CARNIVAL DREAM;

d.  *Erica Davis v. Carnival Corp.,* Case No. 22-cv-24063-JEM (S.D. Fla. 2022) – passenger injured by a falling ceiling panel in a stateroom onboard the CARNIVAL LEGEND;

e.  *Goodman v. Carnival Corp.,* Case No. 20-cv-20431-MGC (S.D. Fla. 2020) – passenger injured due to falling ceiling tiles onboard the CARNIVAL GLORY;

f.  *Giusti v. Carnival Corp.,* Case No. 2019-cv-25232 (S.D. Fla. 2019) – passenger injured due to falling ceiling tiles onboard the CARNIVAL DREAM; and

g.  *Stevens v. Carnival Corp.,* Case No. 20-cv-22420-UU (S.D. Fla. 2020) – passenger injured due to falling ceiling tiles onboard the CARNIVAL LIBERTY.

18.  On information and belief, Plaintiff reasonably believes that additional prior substantially similar incidents will be discovered during the discovery process, but before filing suit any information regarding such incidents, other than that obtainable through public records as indicated above, is in the exclusive possession of Defendant.

19. As a direct and proximate result of the falling ceiling panel striking Plaintiff's head and neck as referenced in Paragraph 14 above, the Plaintiff, KAREN BENNETT, was injured in and about her body and extremities, sustained injuries to her head, neck, and right shoulder, suffered

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

pain and mental anguish therefrom, incurred past and future reasonably certain medical and related expenses in the treatment of her injuries, the future medical damages being reasonably certain to occur, sustained disability, physical impairment, aggravation or activation of preexisting injuries, and suffered the loss of capacity to enjoy life. In addition, she has sustained and will sustain in the future a loss of earnings and/or earning capacity. These damages are permanent or continuing in nature and Plaintiff will continue to sustain them in the future.

## COUNT I – NEGLIGENT MAINTENANCE

20. The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 19 above and further alleges the following matters.

21. At all material times, Defendant CARNIVAL owed Ms. BENNETT, as a fare paying passenger lawfully on board its vessel, a duty of reasonable care for her safety, which included a duty to maintain the overhead ceiling panels and related structures in a reasonably safe condition for passengers.

22. At all material times there existed a hazardous condition on the ceiling structure in the Deck 7 corridor of the FREEDOM, as described in Paragraph 14 above.

23. At all material times, CARNIVAL either knew or in the exercise of reasonable care should have known of the dangerous condition in the area where Ms. BENNETT was struck, due to (a) CARNIVAL's role in the inspection and maintenance of the subject area prior to the incident, (b) prior falling-ceiling incidents sustained by passengers onboard CARNIVAL's vessels involving the same or similar ceiling panels or tiles, as alleged in Paragraphs 17 and 18 above and/or (c) CARNIVAL's own internal SMS policies and procedures specifically created to address and minimize the known risk of injury caused by loose or defective overhead structures.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

24. Alternatively, the hazardous condition referenced in Paragraph 14 above had existed for a long enough period of time so that CARNIVAL had constructive knowledge of its presence and of the hazard it posed and therefore should have detected and corrected it.

25. Notwithstanding the actual or constructive knowledge of CARNIVAL as alleged above, CARNIVAL failed adequately to maintain the ceiling panels in the Deck 7 corridor in the area where Ms. BENNETT was injured before the panel fell and struck Plaintiff as alleged in Paragraph 14 above.

26. CARNIVAL's specific negligent acts or omissions regarding maintenance of the ceiling structure consist of one or more of the following:

   a. Failing properly to maintain the subject ceiling panel and related overhead structures in a reasonably safe condition for foreseeable use by passengers traversing the corridor, including allowing a ceiling panel to remain loose or unsecured;

   b. Failing timely to repair, replace, or otherwise correct the defective ceiling panel despite actual or constructive knowledge of its hazardous condition, or alternatively failing to cordon off or restrict passenger access to the dangerous area until the dangerous condition could be repaired or corrected;

   c. Failing to conduct timely and adequate inspections of the ceiling structures, especially in a high-traffic passenger area, to identify and correct hazards in accordance with industry standards, maritime best practices, and CARNIVAL's own internal SMS safety policies and procedures.

27. As a direct and proximate result of one or more of the negligent acts or omissions by CARNIVAL alleged above, Plaintiff KAREN BENNETT has sustained and will continue to sustain in the future the damages alleged in Paragraph 19 above.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

Bennett v. Carnival Corporation

**WHEREFORE** KAREN BENNETT, demands judgment against Defendant, CARNIVAL CORPORATION, for compensatory damages, interest, and the costs of this action and further demands trial by jury of all issues triable as of right.

### COUNT II – NEGLIGENT FAILURE TO WARN

28. The Plaintiff, adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 19 above and further alleges the following matters.

29. At all material times Defendant CARNIVAL owed Ms. BENNETT, as a fare paying passenger lawfully on board its vessel, a duty of reasonable care for her safety, which included a duty to warn of conditions on the vessel, actually or constructively known to it.

30. At all material times there existed a hazardous condition on the ceiling structure in the Deck 7 corridor of the FREEDOM, as described in Paragraph 14 above.

31. At all material times, CARNIVAL either knew or in the exercise of reasonable care should have known of the dangerous condition in the area where Ms. BENNETT was struck, due to (a) CARNIVAL's role in the inspection and maintenance of the subject area prior to the incident, (b) prior falling-ceiling incidents sustained by passengers onboard CARNIVAL's vessels involving the same or similar ceiling panels or tiles, as alleged in Paragraphs 17 and 18 above, and/or (c) CARNIVAL's own internal SMS policies and procedures specifically created to address and minimize the known risk of injury caused by loose or defective overhead structures.

32. Alternatively, at all material times, the hazardous condition referenced in Paragraph 14 above had existed for a long enough period of time so that CARNIVAL should have detected the danger and taken corrective action as alleged in Paragraph 34 below before Plaintiff was injured, so that CARNIVAL had constructive knowledge of its presence and of the hazard it posed.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Bennett v. Carnival Corporation*

33. At all material times the dangerous condition of the ceiling tile as described in Paragraph 14 above was neither open nor obvious to reasonable passengers including Plaintiff, for the reasons alleged in Paragraph 16 above.

34. Notwithstanding the actual or constructive knowledge of CARNIVAL as alleged above, CARNIVAL at all material times before Ms. BENNETT was struck by the ceiling tile as alleged in Paragraph 14 above failed adequately to warn passengers, including Ms. BENNETT, of the dangerous condition referenced in Paragraph 14 above, through adequate signage or markings, orally delivered or written warnings, cordoning off the dangerous area, or otherwise, and was thereby negligent.

35. As a direct and proximate result of CARNIVAL's negligent failure to warn as alleged above, Plaintiff KAREN BENNETT has sustained and will continue to sustain in the future the damages alleged in Paragraph 19 above.

**WHEREFORE** KAREN BENNETT, demands judgment against Defendant, CARNIVAL CORPORATION, for compensatory damages, interest, and the costs of this action and further demands trial by jury of all issues triable as of right.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

Dated September 16, 2025.

**s/PHILIP M. GERSON**
PHILIP M. GERSON, ESQ.
Florida Bar No. 127290
pgerson@gslawusa.com
filing@gslawusa.com
NICHOLAS I. GERSON, ESQ.
Florida Bar No. 20899
ngerson@gslawusa.com
EDWARD S. SCHWARTZ, ESQ.
Florida Bar No. 346721
eschwartz@gslawusa.com
DAVID MARKEL, ESQ.
Florida Bar No. 78306
dmarkel@gslawusa.com
NICHOLAS M. PLYMALE, ESQ.
Florida Bar No. 1057884
nplymale@gslawusa.com
ANDREA B. CHIRLS, ESQ.
Florida Bar No. 968765
achirls@gslawusa.com
LEE A. WATSON, ESQ.
Florida Bar No. 356750
lwatson@gslawusa.com
GERSON & SCHWARTZ, P.A.
Attorneys for Plaintiff
1980 Coral Way
Miami, Florida 33145-2624
Telephone: (305) 371-6000
Facsimile: (305) 371-5749

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com